UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| WILLIAM E. HUNT,         | ) |                                  |
|                          | ) |                                  |
|    Plaintiff, | ) |                              |
|                          | ) |                                  |
| v.                       | ) | Civil Action No. 18-cv-2341 (TSC) |
|                          | ) |                                  |
| ALICE P. MILLER *et al.*,| ) |                                  |
|                          | ) |                                  |
|    Defendants. | ) |                             |

## MEMORANDUM OPINION

Plaintiff, a former write-in mayoral candidate, has sued members of the D.C. Board of Elections and Ethics in their official capacities, stemming from their failure to take certain action before the November 6, 2018 general election. Pending is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF No. 8, which, for the following reasons, will be GRANTED.

### I. BACKGROUND

**A. Factual Allegations**

Plaintiff, who is proceeding *pro se*, was unable to obtain the requisite number of signatures to have his name placed on the voting ballot for the 2018 D.C. mayoral election. Consequently, he "chose to run as [an] independent paper ballot write-in candidate." Answer in Opp'n on Merit Against Defs.' Motion to Dismiss Compl. ("Pl.

1

Opp.") ¶ 1, ECF No. 17.[1]  Although Plaintiff "campaigned for votes in all wards for early voting votes as well as . . . for . . . votes" in the General Election, he was "stunned" when election administrators supplied a "paper ballot choice for casting [a] ballot" in just "one of 144 voting stations throughout the District . . . during one week of early voting." *Id*.  Early voters could obtain paper ballots but "only" at the "voting station" at 441 4th Street, N.W.  *Id*.  "The remaining 143 voting stations contained no . . . means" to vote by paper ballot "as an option to voting machine listed candidates[.]" *Id*.  "Shock and dismay followed" when on the day of the general election, Defendants provided "a limited amount/number of paper ballot[s] to all voting stations[.]" *Id*.

**B. Claims**

Plaintiff clarifies that his Complaint, filed on October 10, 2018, is premised on the "denial of due process under the 5th amendment by defendants' taking away paper ballot means from candidate . . . at 143 of 144 voting stations[.]"[2]  Pl. Opp. ¶ 4; *see id*. ¶ 5 ("At issue is a due process right[.]"); *id*. ¶ 14 ("Defendants harmed candidate-plaintiff for mayor due process rights to run and compete for public office position, free

---

[1] At the motion-to-dismiss stage, courts must construe *pro se* filings liberally and read them "together." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). The background facts and Plaintiff's claims are derived largely from his opposition.

[2] Defendants counter that early voting was offered at "14 – not 144 – Early Voting Centers," where, unlike on general election day, residents could vote "regardless of which of the District's 143 voting precincts they resided in, or which of the 551 ballot styles they required." Reply at 4. Due to the "administrative burden to provide preprinted ballots in all of the styles necessary[,] . . . the Board generally only offers pre-printed paper ballots at only" the Early Voting Center "at One Judiciary Square . . . located at 441 4th Street NW." *Id*. At the other 13 Early Voting Centers, residents could "cast their votes," including for write-in candidates, "on blank ballots by using electronic touchscreen ballot marking devices." *Id*.

2

from oppressive weight of vote suppression."). Plaintiff seeks "at minimum 1 million dollars in compensation by D.C. government, to be made whole again."[3] *Id*. ¶ 18

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases). Rule 12(b)(6) permits a party to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A plaintiff's factual allegations need not establish all elements of a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010), but they "must be enough to raise a right to

---

[3] In his Complaint, Plaintiff seeks an "emergency hearing" and other injunctive relief; Defendants reasonably suggested in its opening brief that this action is moot. *See generally* Mot. to Dismiss. Consistent with *Richardson's* holding, however, the Court will consider Plaintiff's claim for damages as "an amendment to his original complaint," 193 F.3d at 548, and "[s]uch claims [generally] ensure a live controversy." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019).

3

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. In addition, the presumption of truth accorded factual allegations at this stage does not apply to a plaintiff's legal conclusions in the complaint, including those "couched" as factual allegations. *Id*. (quoting *Twombly*, 550 U.S. at 555).

"In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014). Therefore, "'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment' . . . 'Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied'. . . Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint." *Strumsky v. Washington Post Co.*, 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012) (citations omitted); *see also Long v. Safeway, Inc.*, 842 F. Supp. 2d 141, 144-45 (D.D.C. 2012), *aff'd*, 483 Fed. App'x. 576 (D.C. Cir. 2012).

### III.  ANALYSIS

The due process clause of the Fifth Amendment forbids the government from depriving a person of "life, liberty, or property, without due process of law."  To determine whether a valid due process claim has been stated, a court must "first ask whether there exists a liberty or property interest of which a person has been deprived.  If so, it asks "whether the procedures followed . . . were constitutionally sufficient." *Delaware Riverkeeper Network v. Fed. Energy Regulatory Comm'n*, 895 F.3d 102, 107 (D.C. Cir. 2018) (internal quotation marks omitted; ellipsis in original).

Plaintiff has alleged no facts from which a protected liberty interest may be found or inferred.  First, he admits that he failed to secure the number of signatures to have his name printed on the ballot but was able to proceed as a write-in candidate.  Second, nothing prevented D.C. residents from voting for Plaintiff as a write-in candidate in both the primary and general elections, utilizing either "pre-printed paper ballots with ink pens" or "blank ballots using the touchscreen ballot marking devices."  Defs.' Reply at 4-5, ECF No. 18; *see also supra* note 2.  Third, the election results directly contradict Plaintiff's unsupported assertion "that write-in votes for independent [mayoral] candidates [were] not counted[.]"  Pl.'s Ex. 1 (Sept. 6, 2018 Letter to D.C. Board of Elections), ECF No. 17-1.  The certified election results published on November 15, 2018, show that 9,053 "write-in" votes were "cast by paper ballot and by voting machines[.]"  Reply at 6; https://electionresults.dcboe.org/ electionresults/2018-General-Election ("Results").  That number represented 4.03% of the electorate.  *See* Results.  In comparison, the winning candidate, Muriel Bowser, received 171,608 votes, which represented 76.39% of the electorate.  *Id*.  Even if Plaintiff could identify a

constitutionally protected interest, he could not have possibly won the election, and therefore has sustained no actionable loss or injury.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED. A corresponding order will issue separately.


Date:  March 10, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge